# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**Robert A. Bennett**<br>**and**<br>**Brenda L. Bennett**<br>Debtors | CHAPTER 13<br><br>CASE NO.: 14-12402-elf<br><br>HEARING DATE:  October 29, 2019<br>TIME:  9:30 AM<br>LOCATION:  COURTROOM 1 |

**MOTION OF CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST FOR RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(A) TO PERMIT MOVANT TO COMMENCE OR CONTINUE FORECLOSURE PROCEEDINGS ON 4044 TEESDALE STREET, PHILADELPHIA, PA 19136**

AND NOW COMES, CitiBank, N.A., as trustee for CMLTI Asset Trust ("Movant"), by and through its attorneys, Hill Wallack LLP, and respectfully represents as follows:

1. This Motion (the "Motion") is filed by Movant for relief from the automatic stay provisions of 11 U.S.C. §362(a) to permit Movant to continue its foreclosure on real property located at 4044 Teesdale Street, Philadelphia, PA 19136 (the "Mortgaged Premises").

2. On or about August 16, 2005, Robert Bennett and Brenda Bennett (collectively the "Debtors") executed and delivered to Beneficial Consumer Discount Company d/b/a Beneficial Mortgage Co. of Pennsylvania ("Beneficial") a Loan Repayment and Security Agreement ("Note") in the principal amount of $104,998.44.  A true and correct copy of the Promissory Note is attached hereto and made a part hereof as Exhibit "A."

3. To secure the obligations under the Note, Debtors granted Beneficial a valid, enforceable, and recorded first lien and mortgage (the "Mortgage") on the Mortgaged Premises, all of the terms of which are incorporated herein by reference as if fully set forth at length, which Mortgage was thereafter recorded in the commissioner of Records Office of the City of Philadelphia on August 31, 2005.  A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "B."

4. On March 31, 2014, Debtors filed petition for relief under Chapter 13 of the United States Bankruptcy Code.

5. Movant is the current mortgagee as evidenced by a Transfer of Claim Other than For Security filed with the Court on December 12, 2018. A copy of the Transfer of Claim is attached hereto and made a part hereof as Exhibit "C."

6. On April 8, 2018, the Chapter 13 Trustee filed a Notice of Final Cure Mortgage Payment. A copy of the Notice of Final Cure Mortgage Payment is attached hereto and made a part hereof as Exhibit "D."

7. The Notice of Final Cure Mortgage Payment required the Movant to file a statement respecting the Debtors' post-petition payments on the Mortgage.

8. On April 29, 2019, Movant filed a Response to Notice of Final Cure Payment. A copy of the Response to Notice of Final Cure Payment is attached hereto and made a part hereof as Exhibit "E."

9. The Response to Notice of Final Cure Payment stated that while the Debtors had cured their pre-petition defaults under the Mortgage, the Debtors were in the arrears post-petition in the amount of $7,651.61 and were contractually due for the Mortgage payment which was due and payable on September 22, 2018.

10. The Debtors list the current value of the Mortgaged Premises in Schedule A in the amount $94,000.00.

11. As of the Petition Date, Movant is the holder of a secured claim in the amount of $83,089.07 with pre-petition arrears due in the amount of $4,083.40 together with additional legal fees and costs and taxes due and payable on the Mortgaged Premises per the Proof of Claim filed August 6, 2014.

12. The Debtors Amended Chapter 13 Plan provides that post-petition payments shall be made directly to the Movant on the Mortgage and the Amended Chapter 13 Plan sets forth the correct mortgage payment amount.

13. The current monthly payment on the Mortgage is $676.40.

{Y0602217; 1}

14. The Debtors are currently in arrears post-petition for their failure to pay the post-petition payments due September 22, 2018 through September 22, 2019 for a total due in the amount of $8,793.00.

15. Despite notice in the Response to Cure Payment, that the Debtors had not made post-petition payments since the payment due and owing on August 22, 2018, the Debtors have not cured the post-petition arrears.

16. Consequently, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) (1) as the Debtors are in default under the terms of their Chapter 13 Plan.

WHEREFORE, CitiBank, N.A., as trustee for CMLTI Asset Trust respectfully requests that this Court enter an Order granting relief from the automatic stay provisions of 11 U.S.C. § 362(a) to allow Movant to proceed in its foreclosure of the Mortgaged Premises, to name the Debtors in the foreclosure suit solely for the purpose of foreclosing their interests in the Mortgaged Premises, and to allow Movant, or any other purchaser at the Sheriff's Sale, to take any legal action necessary to gain possession of the Mortgaged Premises.

Respectfully submitted,

By: /s/ Michael J. Shavel
Michael J. Shavel, Esq., Attorney ID 60554
Hill Wallack, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Telephone 215-579-7700
Facsimile 215-579-9248
Email: mshavel@hillwallack.com

{Y0602217; 1}